This case is before us on rehearing. In our former opinion we found that plaintiff was totally and permanently disabled and therefore entitled to compensation at the rate of 65% of his weekly wage for a period not to exceed 400 weeks. However, we found that the amount of weekly wage was not sufficiently established and remanded the case for the restricted purpose of receiving evidence relative to such wages. On application for a rehearing urged by plaintiff it was granted.
In our former opinion we said: "It is true, and so admitted by defendant, that plaintiff was paid eighteen weeks compensation at the rate of $13.52 per week. But inasmuch as these payments, according to the specific provisions of the applicable statute, would not constitute an admission of liability for compensation, Subsection 5 of Section *Page 351 
18, Act 20 of 1914, as amended by Act 85 of 1926, we think that they cannot be considered as making full proof of the wages being earned by plaintiff when injured."
We have concluded that while the above-quoted statement is the law, it is not applicable to the case at bar when we consider the answer and admission of the attorney for defendant made in the lower court in his brief.
The above law is applicable in cases where the employer has paid some compensation through error or before proper investigation has been made, and only when the employer denies that the case is covered by the Employers' Liability Act or that it at any time owed the employee any amount of compensation.
In the case at bar the employer admitted that plaintiff, its employee, was injured in the course and scope of his employment and that he was entitled to compensation. Its contention is that it had paid him 18 weeks' compensation and that his disability caused by the accident ceased at the end of that period.
Article 12 of plaintiff's petition is as follows: "Petitioner shows that said defendants had full knowledge of the said accidental injury on July 31, 1939, and that said defendants have paid compensation for 18 weeks at the rate of $13.52 per week, but have failed and refused to pay any additional compensation, although amicable demand has been duly made."
And is answered by Article 12 of the answer, "Defendant admits the payment of compensation for 18 weeks at the rate of $13.52 per week which is the full amount to which plaintiff herein is entitled, if anything, and it is denied that plaintiff is entitled to any additional compensation, the trouble that he complains of, if any, not being disabling and being the result of a diseased condition of his system that has no connection with any alleged injury or accident or employment."
This case was defended in the lower court by J. Fair Hardin and in his brief filed in the court below in a statement of the case he said:
"This is a suit for Workmen's Compensation and the issue is simple. There is no question about the employment or the rate of compensation and we might add that from a practical standpoint there is no dispute as to the fact that an accident occurred substantially as plaintiff alleges, inasmuch as the defendant had no proof to counteract his proof on that score.
"The Casualty Insurance Company, however, does urge most seriously that this man was fully recovered from any possible effects of any accident or injury that he may have sustained, and we submit that we have established this defense by a clear preponderance of the evidence."
We are convinced that the answer quoted above, coupled with the statement of counsel in the lower court made in his brief, is a sufficient admission to justify us in fixing the amount of weekly compensation at $13.52 and there is no need to remand the case.
In allowing credit for the amount of compensation paid by defendant, the lower court inadvertently allowed only sixteen weeks when it should have allowed eighteen weeks at $13.52 per week.
It therefore follows that the former judgment of this court remanding the case to the lower court is set aside and the judgment of the lower court, which was in favor of plaintiff, awarding him compensation for a period of not more than 400 weeks at the rate of $13.52 per week, be and the same is hereby amended by increasing the number of weeks' credit to be given defendants from sixteen weeks to eighteen weeks and, as amended, the judgment of the lower court is affirmed, with costs. *Page 381